**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10230 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00207-RS-1 |
| v. | |
| RODOLFO PONCE IBARRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted May 13, 2014
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Defendant-Appellant Rodolfo Ponce Ibarra ("Ibarra") appeals his conviction

for reentry as a removed alien in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court correctly concluded that Ibarra's offer of proof was insufficient as a matter of law to support his proffered necessity defense. Ibarra failed to show that a reasonable jury could conclude that he entered the United States in order to prevent imminent harm, or that he had no legal alternative to violating the law. *See United States v. Arellano-Rivera*, 244 F.3d 1119, 1125–26 (9th Cir. 2001).

The district court neither misapplied U.S.S.G. § 3E1.1 nor clearly erred in determining that Ibarra failed to clearly demonstrate acceptance of responsibility for his offense. *See* U.S.S.G. § 3E1.1 cmt. n.1 (listing factors the district court may consider in determining whether an adjustment is warranted).

Ibarra argues that the district court erroneously concluded that he was not eligible for an adjustment for acceptance of responsibility because he asserted a duress defense. It is true that a defendant's assertion of duress or necessity as an affirmative defense does not preclude the district court from granting a sentencing reduction for acceptance of responsibility. *See United States v. Martinez-Martinez*, 369 F.3d 1076, 1089–90 (9th Cir. 2004) (holding that where a defendant exercises his constitutional right to a trial and presents a duress defense, the determination whether he clearly accepted responsibility for his criminal conduct is based "primarily upon pre-trial statements and conduct" (emphasis omitted) (quoting

§ 3E1.1 cmt. n.2)). Moreover, "the affirmative defense of duress does not dispute any of the . . . essential elements of the crime charged." *United States v. Gamboa-Cardenas*, 508 F.3d 491, 505 (9th Cir. 2007). We do not, however, understand the district court to have concluded that Ibarra was not eligible for an adjustment for acceptance of responsibility simply because he asserted a duress defense. Rather, the district court considered the relevant § 3E1.1 factors and concluded that Ibarra, through his pretrial statements and conduct, had not made "a full and complete acceptance of responsibility to warrant the departure." This determination was not clearly erroneous.

In declining to grant a downward departure for imperfect duress under U.S.S.G. § 5K2.12 the district court recognized its authority to grant a departure, but concluded that the departure was not warranted on the facts of the case. "The court's decision thus is discretionary and therefore not reviewable." *United States v. Pizzichiello*, 272 F.3d 1232, 1239 (9th Cir. 2002).

The district court did not abuse its discretion in imposing a three-year term of supervised release. U.S.S.G. § 5D1.1(c) provides that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." However, the Application Notes for

§ 5D1.1(c) provide that "[t]he court should . . . consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." § 5D1.1 cmt. n.5. Here, the district court noted Ibarra's repeated reentries and his criminal history, and explained that "for deterrent purposes, I think the sentence has to be beyond what he has previously received."

**AFFIRMED.**